## In re General Appropriation Bill.

1. LEGISLATION — WHEN LAWS TAKE EFFECT.— Under section 19, article 5, of the constitution, no act of the legislature can take effect until ninety days after its passage, except it contains an emergency clause, or unless the legislature shall so direct by clear and explicit language.
2. STATUTES — JUDICIAL CONSTRUCTION.— The legal *status* of a bill, and its true construction, must be determined from its form and contents at the time it was signed by the executive and the presiding officers of the two houses of the general assembly, and not by what the senate and house journals show it to have contained at time of its passage.

THE opinion of the court was in response to the following communication from his excellency the governor:

" *To the Honorable the Supreme Court of the State of Colorado:*

" SIRS — The general appropriation bill passed by the eighth general assembly, a certified copy of which I herewith inclose you, providing for the ordinary expenses of the executive, legislative and judicial departments of the state government for the fiscal years 1891 and 1892, as enrolled and approved, is without the usual emergency clause; but, from an examination of the senate and house journals, it appears that the said act passed both houses with the emergency clause by a vote of two-thirds of all the members elected to each house, so that the omission of said clause from the enrolled bill was doubtless a clerical error.

" Aside from any express emergency contained in the act, the general purposes and provisions thereof would seem to indicate that the intention of the legislature was that it should take effect and be in force from and after its pas-

sage. However, doubts have been suggested by members of the executive department, whose duty it is to act in the premises, as to whether or not warrants should be drawn on the treasurer of state in payment of salaries and other expenses provided for in said act until ninety days after its passage.

" It impresses me as of the highest importance, not only to the officers named, but to all the departments of state as well, to know if the funds set apart by the act in question can be made immediately available for the purposes therein specified, to defray the current expenses of these various departments.

" For the reasons stated I am constrained to assert that the occasion is one of much solemnity, and therefore respectfully request that your honorable body give me your opinion:

" 1st. Is it necessary, in view of the facts stated, that the act in question should contain, in express language, an emergency clause in order to give it immediate effect?

" 2d. If so, is there a sufficient emergency expressed in the act to give it immediate effect?

" Very respectfully, . .

(Signed)                 " JOHN L. ROUTT, Governor."

PER CURIAM. It is provided by section 19 of article 5 of our state constitution that: " No act of the general assembly shall take effect until ninety days after its passage (except in case of emergency, which shall be expressed in the act) unless the general assembly shall, by a vote of two-thirds of all the members elected to each house, otherwise direct." As the act submitted by the governor does not contain an express emergency clause, or any general language applicable to the whole act indicating an intention on the part of the legislature to have it made an exception to the general constitutional rule, we are of the opinion that it will not take effect until ninety days after its passage.

The fact that the house and senate journals show that

the bill contained an emergency clause when the final vote in both houses was taken thereon, cannot control in the absence from the bill of such clause at the time it was signed by the executive and presiding officers of the two houses. In order that an act shall take effect at a different time from that designated in the constitution, the legislature must so direct by clear and explicit language, which direction must be "*expressed in the act.*"  *Wheeler v. Chubbuck,* 16 Ill. 361; *Supervisors v. Keaty et al.,* 34 Ill. 293.

We are of the opinion that the act submitted does not contain language that would warrant its being held to be within the exception provided for by the constitution.